# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2022

Lyle W. Cayce
Clerk

No. 20-61085
Summary Calendar

SREEKUMARI KONDAMUDI; SAJEEV JOSEPH,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 775 538
BIA No. A208 775 539

Before DAVIS, ELROD, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Sreekumari Kondamudi and Sajeev Joseph, who are natives and
citizens of India, petition for review of an order of the Board of Immigration
Appeals (BIA) dismissing their appeal from the denial of Kondamudi's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61085

application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  Joseph, who is Kondamudi's husband, was listed as a derivative beneficiary on Kondamudi's application.  The BIA affirmed the immigration judge's (IJ) denial, which was based on Kondamudi's lack of credibility.  Kondamudi argues that the adverse-credibility determination was not supported by the record because the inconsistencies cited by the IJ were either based on misunderstandings of her statements or about trivial aspects of the incidents.  She also contends that her failure to list all of the instances of harm in her asylum interview and her relief application should not have affected her credibility.

We review the BIA's decision and consider the IJ's decision only to the extent that it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  The BIA's decision was grounded in "specific and cogent reasons derived from the record," *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and Kondamudi does not show that the evidence compels a contrary result, *see Wang v. Holder*, 569 F.3d 531, 538–39 (5th Cir. 2009).  And contrary to her argument, "[a]n adverse credibility assessment may be based on any inconsistency even if it does not 'go to the heart of the applicant's claim or any other relevant factor.'"  *Avelar-Oliva v. Barr*, 954 F.3d 757, 768 (5th Cir. 2020) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  Moreover, we have upheld adverse-credibility determinations due to an alien's failure to include significant acts of alleged persecution in an asylum interview.  *See id.* (and cases cited therein).

In any event, because the IJ and BIA may rely on any inconsistency or omission when making an adverse-credibility determination, even Kondamudi's inconsistent statements regarding the burning of her house—which are amply supported by the record—are sufficient to support that determination.  *See Wang*, 569 F.3d at 538.  Kondamudi has not shown that, from the totality of the circumstances, "it is plain that no reasonable fact-

2

No. 20-61085

finder" could find her incredible. *Id.* at 538–39 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) and adopting the Second Circuit's formulation of the adverse-credibility standard).

The petition for review is DENIED.